UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YONG LIN,     Case No. 1:19-cv-731
   Plaintiff,     McFarland, J.
    Litkovitz, M.J.

vs.

UNITED STATES ATTORNEY     **REPORT AND**
GENERAL, *et al.*,     **RECOMMENDATION**
   Defendant.

On August 10, 2022, defendants filed a motion to dismiss for lack of jurisdiction. (Doc. 23).[1] That same day, the Court mailed to plaintiff a separate Notice, which advised him that his failure to respond to defendants' motion within 21 days from the date listed on its certificate of service could result in the dismissal of his case. (Doc. 22). Plaintiff did not file a response to defendants' motion within such time, and the Court's Notice was returned with the notation "attempted – not known[,] unable to forward[.]" (Doc. 24).

On September 19, 2022, the Court issued an Order to plaintiff to show cause, within fifteen (15) days of the date of the Order, why his case should not be dismissed for want of prosecution—in particular, plaintiff's failure to respond to defendants' motion to dismiss and notify the Court of his current address. To date, more than 15 days later, plaintiff has not filed a response to defendants' motion to dismiss. Moreover, the Court's Order to show cause was returned as undeliverable. (Doc. 26).

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to (1) diligently pursue the prosecution of his cause of

---

[1] The Clerk directed defendants to re-file their motion consistent with S.D. Ohio Civ. R. 5.1(c). (*See* Docs. 20, 21).

action, and (2) supply the Court with notice of any and all changes in his address warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985)); *Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

### IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/11/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YONG LIN,
    Plaintiff,

vs.

UNITED STATES ATTORNEY
GENERAL, *et al.*,
    Defendant.

Case No. 1:19-cv-731
McFarland, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).